## CORNWELL v. UNITED STATES et al.

### No. 8650.

United States Court of Appeals
District of Columbia.

Submitted Nov. 10, 1944.
Decided Dec. 11, 1944.

No appearance or brief for appellant.

Mr. Ralph A. Cusick, of Washington D. C., for appellee John L. Cornwell.

No appearance for appellee United States of America.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

The case is here on motion to dismiss or affirm. The facts are these:

Dr. Frank W. Cornwell was a Major in the Medical Corps of the Army in the first World War. During his period of service he secured from the United States a war risk insurance policy in the sum of $10,000, and named his wife (appellant) as beneficiary. In November, 1933, and after a separation from his wife, he revoked his former designation and named his brother, John L. Cornwell, beneficiary. Two years

later Dr. Cornwell died in California from a gunshot wound, supposed to have been self-inflicted. The suit was begun in June, 1936, by his widow against the United States, on the theory that Dr. Cornwell's change of beneficiary was accomplished at a time when he was mentally irresponsible. After the suit had been pending in the District Court approximately two years, John L. Cornwell, the present beneficiary, was, on motion of the United States, added as a party defendant. After numerous further continuances obtained by appellant, the case was first tried to a jury in June, 1938, and resulted in a verdict and judgment for the defendants.

On appeal to this court we (in February, 1941) reversed on the ground that the motion for a new trial should have been granted on the sufficient showing that the absence of appellant at the trial was due to her illness or mental disorder.[1]

On the remand, the case remained untried until October, 1943. In the interval there was a pretrial hearing in March, 1942, after which the trial was set for May 6, 1942. Counsel for appellant then agreed not to delay beyond May 11th. On May 11th the trial was again postponed to May 21st. On May 21st again, to May 28th, and on the latter date there was a further continuance to June 8th. On June 8th the trial was postponed to October 6, 1942, then to October 12th, then to February 19, 1943, then to March 1st, then to March 3rd, then to March 23rd, and at that time the District Judge ordered counsel to take appellant's deposition so that the case would be heard whether appellant was present or absent on the day set. On March 23rd appellant's deposition not having been taken, and appellant not ready, the trial was postponed to May 14th. On that date counsel requested a further postponement, but refused to file a written motion or a physician's affidavit that appellant's illness made her attendance at the trial impossible. Nevertheless, the trial was put over to May 27th–28th, at which time counsel for appellant made a motion for further delay in order to take the depositions of several new witnesses. For this reason, or for some other which does not appear clearly from the record, the trial went over to October 12, 1943, at which time it was tried to a jury, appellant appearing and testifying, and the trial again resulting in a verdict and judgment for appellees. Notice

[1] Cornwell v. Cornwell and U. S. A., 73 App.D.C. 233, 118 F.2d 396.

of appeal was filed October 29th following and on December 13th the record, contrary to our rules, not having been filed, appellees docketed the appeal on a short record and moved to dismiss for failure to file the record within the time permitted under the rules. We denied this motion and allowed appellant until April 1st, at which time the entire record was transmitted to this court, without expense to appellant, on the order of the District Judge. Thereafter we extended the time to file appellant's brief to July 15th. No brief has yet been filed, but in order that we might feel sure that appellant, who had discharged her attorney of record had not been prejudiced by any of the proceedings in the District Court, we have carefully examined so much of the record as is available, and we find that all of appellant's prayers were granted, that there appear to have been no objections to those granted at the instance of appellees, and that the case was submitted to the jury on the simple proposition—whether Dr. Cornwell, when he made the change of beneficiary, possessed sufficient mind and memory to know and appreciate the nature of his act. That question being answered in the affirmative by two juries, and there being no question of law on the record before us, we unhesitatingly conclude that the trial was in all respects fair; and, in the continued failure to observe and comply with the rules of the court, our plain duty is to dismiss the appeal.

Appeal dismissed.